J-A05022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WHEELER | : | |
| | : | |
| Appellant | : | No. 1357 EDA 2017 |

Appeal from the PCRA Order March 30, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0004849-1982

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 09, 2018**

Ronald Wheeler (Appellant) appeals *pro se* from the order dismissing as untimely his eighth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46.  We affirm.

In affirming the denial of Appellant's sixth PCRA petition, this Court summarized:

> On April 28, 1983, Appellant was convicted of first-degree murder and sentenced to death.  Upon review, our Supreme Court ultimately vacated the death sentence and remanded for the imposition of a sentence of life imprisonment.  On July 6, 1988, the trial court imposed a life sentence for the first-degree murder conviction.  He did not appeal.  Thus, his judgment of sentence became final on August 5, 1988.

***Commonwealth v. Wheeler***, No. 2824 EDA 2009 (Pa. Super. filed August 10, 2010) (unpublished memorandum at 2).

_____

*Former Justice specially assigned to the Superior Court.

On October 15, 2015, Appellant filed his eighth PCRA petition *pro se* in which Appellant challenged the competency of a witness, Jerome Gibson, asserting that he was not aware of Mr. Gibson's diminished mental capacity at the time of trial.[1]  On February 2, 2016, the PCRA court issued a notice of intent to dismiss the petition as untimely pursuant to Pennsylvania Rule of Criminal Procedure 907.  On March 30, 2017, the PCRA court dismissed the petition without a hearing.  This appeal followed.

Appellant presents five issues for our review:

1. MAY THIS COURT DETERMINE UNDER RULES OF STATUTORY CONSTRUCTION WHETHER INTERPRETATION OF PCRA TIME LIMITS AS JURISDICTIONAL IS CONTRARY TO PLAIN LANGUAGE OF PCRA WHEN **PETERKIN** ET AL., DID NOT AND, IF SO, IS THAT INTERPRETATION CONTRARY TO PLAIN LANGUAGE OF PCRA AND LEGISLATIVE INTENT?

2. DID APPLICATION OF PRESUMPTION OF ACCESS TO PUBLIC RECORD TO FIND UNTIMELY OTHERWISE TIMELY 2007 PCRA PETITION FILED BY PRO SE PRISONER, AMOUNT TO GOVERNMENT INTERFERENCE UNDER §9545(b)(1)(i) AND ALLOW FOR FILING OF 2015 PETITION WITHIN SIXTY DAYS OF **BURTON** ELIMINATING PRESUMPTION OF PRO SE PRISONERS?

3. WERE CLAIMS RAISED IN 2015 PCRA PETITION PREVIOUSLY LITIGATED WHERE COURT ON APPEAL OF 2007 PCRA PETITION DID NOT REACH MERITS OF CLAIMS?

---

[1] The PCRA Court has summarized the procedural posture attendant to each of Appellant's post-conviction filings, beginning with Appellant's first petition filed on August 2, 1988 under the Post Conviction Hearing Act (PCHA), through the underlying PCRA petition filed on October 15, 2015.  **See** PCRA Court Opinion, 6/12/17, at 2-3.

4. DOES **BURTON**'S EXCEPTION TO PUBLIC RECORD RULE FOR PRO SE PRISONERS REPRESENT AN INTERVENING CHANGE IN CONTROLLING LAW OR A SUBSTANTIAL CHANGE IN DISPUTED FACTS THAT ALLOWS COURT ON SECOND APPEAL TO REVISIT TIMELINESS OF 2007 PCRA PETITION FILED BY PRO SE PRISONER, FOUND UNTIMELY ON FIRST APPEAL BY APPLICATION OF PRESUMPTION OF ACCESS TO PUBLIC RECORD?

5. WAS 2007 PCRA PETITION TIMELY WHERE FILED BY PRO SE PRISONER WITHOUT ACCESS TO PUBLIC RECORD WITHIN SIXTY DAYS OF DATE FACTUAL PREDICATE FOR PETITION BECAME KNOWN TO PRISONER

Appellant's Brief at 4.

Before we review the merits of Appellant's issues, we must determine whether his PCRA petition was timely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id.* "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, the applicability of one of the statutory exceptions to the time for filing the petition. *Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government

officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." **Gamboa–Taylor**, 753 A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2).

It is undisputed that the instant PCRA petition, filed by Appellant in 2015 – decades after his judgment of sentence became final in 1988 – is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). As noted by both the PCRA court and the Commonwealth, Appellant alleges that he only recently became aware of Mr. Gibson's diminished mental capacity when it became a matter of public record after Mr. Gibson was charged with murder. PCRA Court Opinion, 6/12/17, at 7; Commonwealth Brief at 13-16, 32. Additionally, Appellant argues that his petition falls within the government interference exception to the PCRA time-bar. **Id**.

In arguing that his PCRA petition is timely, Appellant states:

> [The i]nstant petition alleged this Court's application of public record rule on appeal to find the 2007 petition untimely, amounted to government interference under § 9545(b)(1)(i), and that instant petition was filed Oct. 15, 2015, within 60 days of Aug. 25, 2015 decision in **Burton** recognizing application of

- 4 -

rule to petitions filed by pro se prisoners was contrary to plain language of § 9545(b)(1)(ii).

Appellant's Brief at 16.

Appellant relies on **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) in support of his assertion that his PCRA petition is not time-barred. In **Burton** our Supreme Court held that although, in general, matters of public record cannot be deemed "unknown" for purposes the newly-discovered facts exception to PCRA time limits, that public record presumption does not apply to pro se incarcerated PCRA petitioners. *Id.* at 638.

Here, the PCRA Court summarized:

[Appellant] is apparently arguing that he only recently became aware of Mr. Gibson's mental retardation as a result of Gibson's subsequent murder trials, and that pursuant to **Burton** he is presumed as a *pro se* petitioner not to have had access to such public knowledge[.] [However,] the issue of Gibson's mental retardation had already been addressed and rejected by the Superior Court, which observed that [Appellant] was in fact aware of Gibson's mental capacity but failed to address it at trial. In addition, [Appellant] has failed to introduce any evidence at all to substantiate his claim that "government officials" interfered with the presentation or acquisition of evidence of Gibson's mental capacities.

[Appellant] has failed to prove the elements necessary for relief in accordance with 42 Pa.C.S.A. § 9545, and has failed to prove the existence of any of the statutory exceptions to the filing time bar pursuant to 42 Pa.C.S.A. § 9545(b). Therefore, in addition to lacking any merit, [Appellant's] eighth PCRA petition must be considered untimely[.]

PCRA Court Opinion, 6/12/17, at 7-8.

Upon review of Appellant's claim and the record before us, we find that the PCRA Court thoroughly addressed Appellant's arguments in its Opinion denying the PCRA Petition, with citation to relevant statutory and case law, as well as thoughtful analysis and reasoning. Both here and in the companion appeal filed by Appellant at 1422 EDA 2017, the trial court's comprehensive opinions properly disposed of Appellant's issues, and the certified record supports the court's findings. We therefore adopt the trial court's opinion as our own for purposes of this appeal and affirm the denial of relief. *See* PCRA Court Opinion, dated June 12, 2017. The parties shall attach a copy of the June 12, 2017 opinion in the event of further proceedings in this matter.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/18